IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ALMA BOYKINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 03-2351 Ma/P |
| | ) |
| SEARS & ROEBUCK, INC., | ) |
| | ) |
|     Defendant. | ) |

**ORDER DENYING PLAINTIFF'S MOTIONS IN LIMINE WITHOUT PREJUDICE**

Plaintiff Alma Boykins ("Boykins") brings claims against Defendant Sears Roebuck & Co.[1] ("Sears") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-701, and Tennessee common law. Before the court are Plaintiff's motions in limine, filed on November 3, 2004, 1) to exclude introduction of information on Ida Wade and 2) to exclude evidence of previous employment information. For the following reasons, the motions are DENIED without prejudice to Plaintiff's ability to raise evidentiary objections at trial.

**I. Motion to Exclude Information on Ida Wade**

Plaintiff moves to exclude evidence that a credit card fraud ring run by Ida Wade was operating at the Sears franchise located at Raleigh Springs Mall. Plaintiff argues that this evidence is

---

[1] The suit names Sears & Roebuck, Inc., but Sears reports that it is correctly referred to as Sears Roebuck & Co. (Def.'s Mot. to Strike and Answer at 1.)

irrelevant and highly prejudicial. Sears argues that this evidence is relevant because the presence of the fraud ring caused Sears to notify its employees to be "on the lookout for suspicious credit transactions," and Plaintiff was discharged for processing an irregular credit transaction of the precise type commonly used by the Wade fraud ring.

The only evidence Plaintiff specifically cites as objectionable is the deposition of Sears employee Larry Mosby, in which Mosby states that he is unfamiliar with the name Ida Wade or any credit card fraud ring associated with her. If anything, this evidence supports Plaintiff's position, not Sears's. Because Plaintiff has not identified any other evidence pertaining to Ida Wade or the fraud ring, the court is not in a position to rule on its relevance or potential for prejudice. If Sears can show that the Raleigh Springs employees were on notice that a fraud ring was operating in the area and were specifically instructed to scrutinize credit card transactions, such evidence would appear relevant in proving Sears's actual motivation for terminating Plaintiff's employment. If, at trial, Sears attempts to offer evidence that is irrelevant and/or prejudicial, Plaintiff may again raise her objection.

## II. Motion to Exclude Previous Employment Information

Plaintiff seeks to exclude any evidence of "past employment activities and records prior to her being employed with the Defendant." She argues that any such evidence is impermissible under Fed. R. Evid. 608, which prohibits the introduction of specific instances of conduct to attack the character of a witness.

2

In addition, prior employment history has the potential for undue prejudice to Plaintiff under Fed. R. Evid. 403. Sears argues, however, that Plaintiff testified in her deposition that she had never previously been terminated from employment when, in fact, she had. Evidence of a witness's prior inconsistent statements is regularly allowed under Fed. R. Evid. 613. See James v. Illinois, 493 U.S. 307, 325 n.1 (1990); Delaware v. Fensterer, 474 U.S. 15, 21 (1985). It is also permissible to impeach a witness with her prior deposition testimony under Fed. R. Evid. 607. See Young v. Lumenis, Inc., 341 F. Supp. 925, 931 (S.D. Ohio 2004); Fling v. Hollywood Travels and Tours, 765 F. Supp. 1302, 1306-07 (N.D. Ohio 1990).

Thus, the court cannot, at this stage in the proceedings, categorically exclude evidence of Plaintiff's employment history. If, at trial, Sears attempts to offer evidence that is inadmissible under Fed. R. Evid. 403 or 608, Plaintiff may renew her objection.

So ORDERED this 18th day of May 2005.

_____

SAMUEL H. MAYS, JR
UNITED STATES DISTRICT JUDGE

3

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 69 in case 2:03-CV-02351 was distributed by fax, mail, or direct printing on May 20, 2005 to the parties listed.

---

Amy Holliman Brown
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Alma Boykins
1335 Busby Ave.
Memphis, TN 38127

Thomas W. Lewis
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Florence M. Johnson
LAW OFFICE OF FLORENCE JOHNSON
100 N. Main Building
Ste. 3001
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT